**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

District of Delaware

(State)

Case number *(if known)*: _____  Chapter __11__

☐ Check if this is an
amended filing

<u>Official Form 201</u>

# Voluntary Petition for Non-Individuals Filing for Bankruptcy

**04/19**

If more space is needed, attach a separate sheet to this form.  On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.

| | | |
|---|---|---|
| 1. | **Debtor's Name** | **Pine Branch Resources, LLC** |
| 2. | **All other names debtor used in the last 8 years**<br><br>Include any assumed names, trade names, and *doing business as* names | **ICG Hazard, LLC; ICG Hazard DBA Pine Branch Resources, LLC;**<br><br>**Pine Branch Resources, LLC, D/B/A ICG Hazard, LLC** |
| 3. | **Debtor's federal Employer Identification Number** (EIN) | <u>20-1619758</u> |

4. **Debtor's address**

| **Principal place of business** | **Mailing address, if different from principal place of business** |
|---|---|
| **3228 Summit Square Place** | |
| Number        Street | Number        Street |
| **Suite 180** | P.O. Box |
| **Lexington, Kentucky 40509** | |
| City                    State    Zip Code | City                    State    Zip Code |
| | **Location of principal assets, if different from principal place of business** |
| **Fayette** | |
| County | Number        Street |
| | |
| | City                    State    Zip Code |

| | | |
|---|---|---|
| 5. | **Debtor's website** (URL) | **www.blackhawkmining.com** |
| 6. | **Type of debtor** | ☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))<br><br>☐ Partnership (excluding LLP)<br><br>☐ Other. Specify: _____ |

Debtor     Pine Branch Resources, LLC             Case number *(if known)* _____
       Name

| | |
|---|---|
| **7. Describe debtor's business** | **A.** *Check One:* |
| | ☐ Health Care Business (as defined in 11 U.S.C. § 101(27A)) |
| | ☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B)) |
| | ☐ Railroad (as defined in 11 U.S.C. § 101(44)) |
| | ☐ Stockbroker (as defined in 11 U.S.C. § 101(53A)) |
| | ☐ Commodity Broker (as defined in 11 U.S.C. § 101(6)) |
| | ☐ Clearing Bank (as defined in 11 U.S.C. § 781(3)) |
| | ☒ None of the above |
| | **B.** *Check all that apply:* |
| | ☐ Tax-exempt entity (as described in 26 U.S.C. § 501) |
| | ☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3) |
| | ☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11)) |
| | **C.** NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes . |
| | **2121 (Coal Mining)** |
| **8. Under which chapter of the Bankruptcy Code is the debtor filing?** | *Check One:* |
| | ☐ Chapter 7 |
| | ☐ Chapter 9 |
| | ☒ Chapter 11. *Check all that apply:* |
| |      ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,725,625 (amount subject to adjustment on 4/01/22 and every 3 years after that). |
| |      ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B). |
| |      ☒ A plan is being filed with this petition. |
| |      ☒ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b). |
| |      ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form. |
| |      ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2. |
| | ☐ Chapter 12 |

| | |
|---|---|
| **9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?** <br> If more than 2 cases, attach a separate list. | ☒ No <br> ☐ Yes.   District _____ When _____ Case number _____ <br>                     MM/DD/YYYY <br>       District _____ When _____ Case number _____ <br>                     MM/DD/YYYY |
| **10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?** <br> List all cases. If more than 1, attach a separate list. | ☐ No <br> ☒ Yes.   Debtor **See Rider 1**      Relationship **Affiliate** <br>            District **District of Delaware**      When **07/19/2019** <br>                                             MM / DD / YYYY <br>            Case number, if known _____ |

| Debtor | Pine Branch Resources, LLC | Case number *(if known)* | |
|---|---|---|---|
| | Name | | |

**11. Why is the case filed in *this* district?**

*Check all that apply:*

☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☒ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No

☐ Yes.  Answer below for each property that needs immediate attention.  Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other

**Where is the property?**

_____
Number        Street

_____
City                                   State        Zip Code

**Is the property insured?**

☐ No

☐ Yes.  Insurance agency _____

Contact name _____

Phone _____

---

**Statistical and administrative information**

**13. Debtor's estimation of available funds**

*Check one:*

☒ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors (on a consolidated basis)**

| | | | | |
|---|---|---|---|---|
| ☐ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☒ 5,001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than 100,000 |
| ☐ 200-999 | | |

**15. Estimated assets (on a consolidated basis)**

| | | |
|---|---|---|
| ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
| ☐ $50,000-$100,000 | ☐ $10,000,001-$50 million | ☒ $1,000,000,001-$10 billion |
| ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

| Debtor | Pine Branch Resources, LLC | Case number *(if known)* | |
|---|---|---|---|
| | Name | | |

**16. Estimated liabilities (on a consolidated basis)**

- ☐ $0-$50,000
- ☐ $50,001-$100,000
- ☐ $100,001-$500,000
- ☐ $500,001-$1 million
- ☐ $1,000,001-$10 million
- ☐ $10,000,001-$50 million
- ☐ $50,000,001-$100 million
- ☐ $100,000,001-$500 million
- ☐ $500,000,001-$1 billion
- ☒ $1,000,000,001-$10 billion
- ☐ $10,000,000,001-$50 billion
- ☐ More than $50 billion

## Request for Relief, Declaration, and Signatures

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    **07/19/2019**
                MM/ DD / YYYY

✗    **/s/ Jesse M. Parrish**                    **Jesse M. Parrish**
     Signature of authorized representative of debtor    Printed name

Title    **Chief Financial Officer**

**18. Signature of attorney**

✗    **/s/ Christopher M. Samis**        Date    **07/19/2019**
     Signature of attorney for debtor            MM/ DD/YYYY

**Christopher M. Samis**
Printed name

**Potter Anderson & Corroon LLP**
Firm name

**1313 North Market Street, 6th Floor**
Number            Street

**Wilmington**                **Delaware**        **19801-6108**
City                          State            ZIP Code

**(302) 984-6000**                **csamis@potteranderson.com**
Contact phone                     Email address

**DE 4909**                    **Delaware**
Bar number                     State

**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

_____
District of Delaware
(State)

Case number *(if known):* _____    Chapter ___11___

☐ Check if this is an
amended filing

## Rider 1
### Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor

On the date hereof, each of the entities listed below (collectively, the "Debtors") filed a petition in the United States Bankruptcy Court for the District of Delaware for relief under chapter 11 of title 11 of the United States Code.  The Debtors have moved for joint administration of these cases under the case number assigned to this chapter 11 case of Debtor Blackhawk Mining LLC.

| |
|---|
| Blackhawk Mining LLC |
| Blackhawk Coal Sales, LLC |
| Blackhawk Land and Resources, LLC |
| Blackhawk River Logistics, LLC |
| Blue Creek Mining, LLC |
| Blue Diamond Mining, LLC |
| Eagle Shield, LLC |
| FCDC Coal, Inc. |
| Guyandotte Mining, LLC |
| Hampden Coal, LLC |
| Kanawha Eagle Mining, LLC |
| Logan & Kanawha, LLC |
| Panther Creek Mining, LLC |
| Pine Branch Land, LLC |
| Pine Branch Mining, LLC |
| Pine Branch Resources, LLC |
| Redhawk Mining, LLC |
| Rockwell Mining, LLC |
| Spruce Pine Land Company |
| Spurlock Mining, LLC |
| Triad Mining, LLC |
| Triad Trucking, LLC |

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| PINE BRANCH RESOURCES, LLC, | Case No. 19-_____ (___) |
| Debtor. | |

**LIST OF EQUITY SECURITY HOLDERS[1]**

| Equity Holders | Address of Equity Holder | Percentage of Equity Held |
|---|---|---|
| Pine Branch Mining, LLC | 3228 Summit Square Place, Suite 180, Lexington, KY 40509 | 100% |

---

[1]    This list serves as the disclosure required to be made by the debtor pursuant to rule 1007(a)(3) of the Federal Rules of Bankruptcy Procedure.  All equity positions listed are as of the date of commencement of the chapter 11 case.

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| PINE BRANCH RESOURCES, LLC, | Case No. 19-_____ (___) |
| Debtor. | |

## CORPORATE OWNERSHIP STATEMENT

Pursuant to rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the following are corporations, other than a government unit, that directly or indirectly own 10% or more of any class of the debtor's equity interest:

| Shareholder | Approximate Percentage of Shares Held |
|---|---|
| Pine Branch Mining, LLC | 100% |

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| PINE BRANCH RESOURCES, LLC, | ) | Case No. 19-_____(___) |
|  | ) |  |
| Debtor. | ) |  |
|  | ) |  |

## <u>CERTIFICATION OF CREDITOR MATRIX</u>

Pursuant to Rule 1007-2 of the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court for the District of Delaware, the above-captioned debtor and its affiliated debtors in possession (collectively, the "<u>Debtors</u>")[1] hereby certify that the *Creditor Matrix* submitted herewith contains the names and addresses of the Debtors' creditors. To the best of the Debtors' knowledge, the *Creditor Matrix* is complete, correct, and consistent with Debtors' books and records.

The information contained herein is based upon a review of the Debtors' books and records as of the petition date. However, no comprehensive legal and/or factual investigations with regard to possible defenses to any claims set forth in the *Creditor Matrix* have been completed. Therefore, the listing does not, and should not, be deemed to constitute: (1) a waiver of any defense to any listed claims; (2) an acknowledgement of the allowability of any listed claims; and/or (3) a waiver of any other right or legal position of the Debtors.

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number include:  Blackhawk Mining LLC (5600); Blackhawk Coal Sales, LLC (9456); Blackhawk Land and Resources, LLC (7839); Blackhawk River Logistics, LLC (3388); Blue Creek Mining, LLC (2427); Blue Diamond Mining, LLC (3488); Eagle Shield, LLC (6721); FCDC Coal, Inc. (6188); Guyandotte Mining, LLC (4882); Hampden Coal, LLC (8241); Kanawha Eagle Mining, LLC (0586); Logan & Kanawha, LLC (3178); Panther Creek Mining, LLC (0627); Pine Branch Land, LLC (9661); Pine Branch Mining, LLC (9681); Pine Branch Resources, LLC (9758); Redhawk Mining, LLC (0852); Rockwell Mining, LLC (3874); Spruce Pine Land Company (2254); Spurlock Mining, LLC (2899); Triad Mining, LLC (7713); and Triad Trucking, LLC (6112).  The location of the Debtors' service address in these chapter 11 cases is 3228 Summit Square Place, Suite 180, Lexington, Kentucky 40509.

Fill in this information to identify the case:

Debtor Name <u>Blackhawk Mining LLC, *et al.*</u>

United States Bankruptcy Court for the: <u>United States Bankruptcy Court for the District of Delaware</u>

Case number (if known): <u>19-</u>

• Check if this is an amended filing

## Official Form 204

### Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders    12/15

A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | PCC LIQUIDATING TRUST<br>Attn: President or General Counsel<br>901 EAST BYRD STREET<br>SUITE 1000<br>RICHMOND, VA 23219 | PCC LIQUIDATING TRUST<br>Attn: President or General Counsel<br>PHONE: (804) 343 5227<br>FAX: (804) 783-6192<br>EMAIL: michael.condyles@kutakrock.com | NOTES | | | | $16,158,077.69 |
| 2 | JOY GLOBAL UNDERGROUND MINING, LLC<br>Attn: President or General Counsel<br>MINING MACHINERY DIVISION<br>177 Thornhill Road Warrendale<br>Warrendale, PA 15086 | JOY GLOBAL UNDERGROUND MINING, LLC<br>Attn: President or General Counsel<br>PHONE: (724) 779 4500<br>FAX: (724) 779 4509<br>EMAIL: devlin.ciarrochi@joyglobal.com | EQP REPAIR | | | | $13,465,468.39 |
| 3 | JENNMAR CORPORATION<br>Attn: President or General Counsel<br>Corporate Headquarter<br>258 Kappa Drive<br>PITTSBURGH, PA 15238 | JENNMAR CORPORATION<br>Attn: President or General Counsel<br>PHONE: 412-963-9071<br>FAX: 412-963-8099<br>EMAIL: lradion@jennmar.com; ahruska@jennmar.com; accountsreceivable@jennmar.com | ROOF | | | | $11,146,423.70 |
| 4 | ROGERS PETROLEUM SERVICES, INC.<br>Attn: President or General Counsel<br>348 Tollage Creek Rd<br>P.O. BOX 162<br>PIKEVILLE, KY 41501 | ROGERS PETROLEUM SERVICES, INC.<br>Attn: President or General Counsel<br>PHONE: 606-432-1421<br>FAX: 606-432-3657<br>EMAIL: tammy@rogerspetroleum.com | FUEL OIL | | | | $10,174,984.70 |

Debtor    Blackhawk Mining LLC_____        Case number (if known) 19-_____
          Name

| | Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 5 | UNITED CENTRAL INDUSTRIAL SUPPLY CO, LLC Attn: President or General Counsel 1241 Volunteer Parkway Suite 1000 Bristol, TN 37620 | UNITED CENTRAL INDUSTRIAL SUPPLY CO, LLC Attn: President or General Counsel PHONE: 423-573-7300 FAX: 423-573-7297 EMAIL: ar@unitedcentral.net | SUPPLIES | | | | $8,150,961.35 |
| 6 | WALKER MACHINERY CO. Attn: President or General Counsel 29773 NETWORK PLACE CHICAGO, IL 60673-1297 | WALKER MACHINERY CO. Attn: President or General Counsel PHONE: (800) 642-8203 FAX: EMAIL: credit@walker-cat.com; karen_ferris@whayne.com | EQP REPAIR | | | | $4,871,438.02 |
| 7 | ANTHEM BCBS KY GROUP Attn: President or General Counsel Anthem Headquarter 120 Monument Circle Indianapolis, IN 46204 | ANTHEM BCBS KY GROUP Attn: President or General Counsel PHONE: 317-532-6000 FAX: 317) 488-6260 EMAIL: jill.becher@anthem.com | EE BENEFIT | | | | $4,368,545.82 |
| 8 | KANAWHA COUNTY SHERIFF Attn: President or General Counsel TAX DIVISION 409 VIRGINIA ST E RM 120 CHARLESTON, WV 25301-2595 | KANAWHA COUNTY SHERIFF Attn: President or General Counsel PHONE: (304) 357-0200 FAX: 304-357-0291 EMAIL: | TAX | | | | $4,055,050.30 |
| 9 | WHAYNE SUPPLY COMPANY Attn: President or General Counsel DEPARTMENT 8326 10001 Linn Station Road CAROL STREAM, IL 60122-8326 | WHAYNE SUPPLY COMPANY Attn: President or General Counsel PHONE: (606) 437-6265 FAX: (606) 433-1641 EMAIL: cash_applications@whayne.com; karen_ferris@whayne.com | EQP REPAIR | | | | $3,314,531.16 |
| 10 | C & M GIANT TIRE, INC. Attn: President or General Counsel 980 W. NEW CIRCLE ROAD LEXINGTON, KY 40511 | C & M GIANT TIRE, INC. Attn: President or General Counsel PHONE: (859) 281-1320 FAX: (859) 281-1337 EMAIL: cindy@cmgianttire.com | EQP REPAIR | | | | $2,328,089.78 |
| 11 | AUSTIN SALES, LLC Attn: President or General Counsel 1327 Lovers Gap Road P. O. BOX 133 VANSANT, VA 24656 | AUSTIN SALES, LLC Attn: President or General Counsel PHONE: (276) 597-4449 FAX: (276) 597-1704 EMAIL: sara.cooper@vadrillco.com; kevin.staton@vadrillco.com | EXP BLAST | | | | $1,888,844.93 |
| 12 | APPALACHIAN SECURITY, INC. Attn: President or General Counsel 180 TOWN MTN RD, STE 110 PIKEVILLE, KY 41501 | APPALACHIAN SECURITY, INC. Attn: President or General Counsel PHONE: (606) 437-9933 FAX: N/A EMAIL: appsecurity@bellsouth.net | SERVICES | | | | $1,855,441.11 |

Debtor       Blackhawk Mining LLC _____        Case number (if known) 19-_____
             Name

| | Name of creditor and complete mailing address, including zipcode | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 13 | D-A LUBRICANTS COMPANY ,INC. Attn: President or General Counsel 801 Edwards Drive Lebanon, IN 46052 | D-A LUBRICANTS COMPANY ,INC. Attn: President or General Counsel PHONE: 317-923-5321 FAX: 765-482-3065 EMAIL: dcaruthers@dalube.com; CreditDept@dalube.com; bblair@dalube.com | FUEL OIL | | | | $1,817,863.30 |
| 14 | JM CONVEYORS LLC Attn: President or General Counsel 258 KAPPA DRIVE PITTSBURG, PA 15238 | JM CONVEYORS LLC Attn: President or General Counsel PHONE: (412) 963-9071 FAX: (412) 963-8099 EMAIL: LRADION@JENNMAR.COM; ghernon@jennmar.com; accountsreceivable@jennmar.com; lradion@jennmar.com; ahruska@jennmar.com; accountsreceivable@jennmar.com | SUPPLIES | | | | $1,804,522.36 |
| 15 | MAYO MANUFACTURING CO., INC. Attn: President or General Counsel 54 OWENS ROAD, SUITE B CHAPMANVILLE, WV 25508 | MAYO MANUFACTURING CO., INC. Attn: President or General Counsel PHONE: (304) 855-5947 FAX: (304) 855-2329 EMAIL: todd.thompson@mayowv.com | EQP REPAIR | | | | $1,632,232.67 |
| 16 | APPALACHIAN TIRE PRODUCTS Attn: President or General Counsel 2907 Fourth Avenue CHARLESTON, WV 25387 | APPALACHIAN TIRE PRODUCTS Attn: President or General Counsel PHONE: (304) 744-9473 FAX: (304) 744-9498 EMAIL: paymentremittance@apptire.com | EQP REPAIR | | | | $1,562,614.31 |
| 17 | CSX TRANSPORTATION, INC. Attn: President or General Counsel CSXT N/A 153831 500 Water Street JACKSONVILLE, FL 32202 | CSX TRANSPORTATION, INC. Attn: President or General Counsel PHONE: (904) 279-4970 FAX: (904) 381-4194 EMAIL: CSXT_CASHAPP@CSX.COM; william_trice@csx.com | ROYALTY | | | | $1,489,166.92 |
| 18 | WHITE ARMATURE WORKS INC Attn: President or General Counsel 1150 Huff Creek Hwy MALLORY, WV 25634 | WHITE ARMATURE WORKS INC Attn: President or General Counsel PHONE: (304) 583-9681 FAX: (304) 583-3972 EMAIL: lbowen@whitearm.com | EQP REPAIR | | | | $1,451,221.91 |
| 19 | STATE ELECTRIC SUPPLY COMPANY Attn: President or General Counsel 2010 2nd Avenue HUNTINGTON, WV 25703 | STATE ELECTRIC SUPPLY COMPANY Attn: President or General Counsel PHONE: (304) 528-0303 FAX: (304) 522-9624 EMAIL: jeff.howard@stateelectric.com | SUPPLIES | | | | $1,385,668.23 |

Debtor      Blackhawk Mining LLC _____          Case number (if known) 19-_____
           _____
              Name

| | Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 20 | KANAWHA RIVER TERMINALS, LLC Attn: President or General Counsel PO BOX 308 CEREDO, WV 25507 | KANAWHA RIVER TERMINALS, LLC Attn: President or General Counsel PHONE: (304) 526-0700 FAX: (304) 526-0707 EMAIL: dldaniels@suncoke.com | OTH EXPINC | | | | $1,194,927.62 |
| 21 | POWELL CONSTRUCTION COMPANY, INC. Attn: President or General Counsel 125 DYE DRIVE STE. 3 BECKLEY, WV 25801 | POWELL CONSTRUCTION COMPANY, INC. Attn: President or General Counsel PHONE: (304) 252-9947 FAX: (304) 252-1131 EMAIL: cseiter@powellcc.com | CAPX | | | | $1,184,418.47 |
| 22 | SNF MINING, INC/FLOMIN COAL INC. Attn: President or General Counsel 1 CHEMICAL PLANT ROAD RICEBORO, GA 31323 | SNF MINING, INC/FLOMIN COAL INC. Attn: President or General Counsel PHONE: (606) 835-9143 FAX:  N/A EMAIL: remittance@snfhc.com | SUPPLIES | | | | $1,149,579.87 |
| 23 | R.M. WILSON CO. INC. Attn: President or General Counsel 3434 Market St WHEELING, WV 26003 | R.M. WILSON CO. INC. Attn: President or General Counsel PHONE: (304) 232-5860 FAX: (304) 232-3642 EMAIL: ppopicg@rmwilson.com | EQP REPAIR | | | | $1,110,430.38 |
| 24 | JABO SUPPLY CORPORATION Attn: President or General Counsel P O BOX 238 HUNTINGTON, WV 25707 | JABO SUPPLY CORPORATION Attn: President or General Counsel PHONE: (304) 736-8333 FAX: (304) 736-8551 EMAIL: cheri@jabosupply.com | SUPPLIES | | | | $1,067,122.93 |
| 25 | SHONK LAND COMPANY, LLC Attn: President or General Counsel 194 Summers Street CHARLESTON, WV 25301-2132 | SHONK LAND COMPANY, LLC Attn: President or General Counsel PHONE: (304) 414 5653 FAX: (304) 344-2467 EMAIL: kbrowning@shonk.com | ROYALTY | | | | $1,004,505.51 |
| 26 | DELTA ELECTRIC, INC. Attn: President or General Counsel 810 Yonkers Avenue Yonkers, NY 10704 | DELTA ELECTRIC, INC. Attn: President or General Counsel PHONE: (304) 752-4625  Ext. 0320 FAX: (914) 376-6020 EMAIL: vicki@deltaelectricwv.com | SUPPLIES | | | | $931,938.78 |
| 27 | EVERETT HANNAH LUMBER CO., INC. Attn: President or General Counsel 540 River Island Rd Julian, WV 25529 | EVERETT HANNAH LUMBER CO., INC. Attn: President or General Counsel PHONE: (304) 426-5156 FAX: (606) 237-1202 EMAIL: everetthannah@hotmail.com | SUPPLIES | | | | $923,054.49 |

Debtor    Blackhawk Mining LLC_____
             Name

Case number (if known) 19-_____

| | Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 28 | MINING REPAIR SPECIALIST, INC Attn: President or General Counsel 920 Copperas Fork Road HOLDEN, WV 25625 | MINING REPAIR SPECIALIST, INC Attn: President or General Counsel PHONE: (304) 239-3710 FAX: (304) 239-3181 EMAIL: dianabarnette@yahoo.com | EQP REPAIR | | | | $909,238.67 |
| 29 | RALEIGH MINE & INDUSTRIAL SUPPLY INC Attn: President or General Counsel 1500 Mill Creek Road Mt. Hope, WV 25801 | RALEIGH MINE & INDUSTRIAL SUPPLY INC Attn: President or General Counsel PHONE: (304) 877-5503 FAX: (304) 877-5684 EMAIL: N/A | SUPPLIES | | | | $900,771.91 |
| 30 | XPRESS CABLE & REPAIR Attn: President or General Counsel 12744 KINGSTON PIKE #202 KNOXVILLE, TN 37934 | XPRESS CABLE & REPAIR Attn: President or General Counsel PHONE: (276) 395-7560 FAX: (276) 395-5357 EMAIL: MNIXON@XPRESSCABLE.COM | EQP REPAIR | | | | $865,467.73 |

Fill in this information to identify the case and this filing:

| | |
|---|---|
| Debtor Name | Pine Branch Resources, LLC |
| United States Bankruptcy Court for the: | District of Delaware |
| | (State) |
| Case number (If known): | |

## Official Form 202
## Declaration Under Penalty of Perjury for Non-Individual Debtors 12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ *Schedule A/B: Assets-Real and Personal Property (Official Form 206A/B)*

☐ *Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)*

☐ *Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)*

☐ *Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)*

☐ *Schedule H: Codebtors (Official Form 206H)*

☐ *Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)*

☐ Amended Schedule

☒ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders (Official Form 204)*

☒ Other document that requires a declaration: List of Equity Security Holders, Corporate Ownership Statement, and Certification of Creditor Matrix

I declare under penalty of perjury that the foregoing is true and correct.

Executed on

| | |
|---|---|
| 07/19/2019 | ☒ */s/ Jesse M. Parrish* |
| MM/ DD/YYYY | Signature of individual signing on behalf of debtor |
| | **Jesse M. Parrish** |
| | Printed name |
| | **Chief Financial Officer** |
| | Position or relationship to debtor |

Official Form 202          **Declaration Under Penalty of Perjury for Non-Individual Debtors**

**OMNIBUS WRITTEN CONSENT IN LIEU OF MEETINGS
OF THE BOARDS OF MANAGERS, SOLE GOVERNING BODY,
AND SOLE GOVERNING BODY AND MANAGER**

**Dated as of July 18, 2019**

The undersigned, being members of the board of managers, the manager, the sole member, or the sole director as applicable (each, the "Governing Body"), of the applicable entity set forth on **Exhibit A** attached hereto (each, a "Company," and, collectively, the "Companies"), hereby take the following actions and adopt the following resolutions pursuant to (as applicable) the limited liability company agreement, operating agreement, bylaws, or similar document (in each case as amended or amended and restated) of each Company and the laws of the state of formation of each Company as set forth next to each Company's name on **Exhibit A**:

WHEREAS, each Governing Body has considered presentations by the management and the financial and legal advisors of each Company regarding the liabilities and liquidity situation of each Company, the strategic alternatives available to it, and the effect of the foregoing on each Company's business;

WHEREAS, each Governing Body has had the opportunity to consult with the management and the financial and legal advisors of the Companies and to fully consider each of the strategic alternatives available to the Companies;

WHEREAS, each Governing Body has reviewed and considered presentations by the management and the financial and legal advisors of each Company regarding that certain restructuring support agreement (the "RSA") and the advantages and disadvantages to each Company soliciting acceptances of the prepackaged chapter 11 plan of reorganization contemplated by the RSA (the "Plan"); and

WHEREAS, the Companies negotiated the RSA with the Consenting First Lien Lenders and Consenting Second Lien Lenders (each as is defined in the RSA).

NOW, THEREFORE, BE IT,

**Chapter 11 Filing, Solicitation, and Entry into the RSA**

RESOLVED, that in the judgment of each Governing Body, it is desirable and in the best interests of each Company (including a consideration of its creditors and other parties in interest) that each Company shall be, and hereby is, authorized to file, or cause to be filed, a voluntary petition for relief (the "Chapter 11 Case") under the provisions of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the bankruptcy court for the District of Delaware (the "Bankruptcy Court") and any other petition for relief or recognition or other order that may be desirable under applicable law in the United States.

RESOLVED, that any any of the Chief Executive Officer, Chief Financial Officer, Chief Restructuring Officer, any Executive Vice President, any Senior Vice President, any Chief Legal Officer, or any other duly appointed officer of each Company (collectively, the "Authorized Signatories"), acting alone or with one or more other Authorized Signatories be,

and they hereby are, authorized, empowered, and directed to execute and file on behalf of each Company all petitions, schedules, lists, and other motions, papers, or documents, and to take any and all action that they deem necessary or proper to obtain such relief, including, without limitation, any action necessary to maintain the ordinary course operation of each Company's business.

RESOLVED, that in the business judgment of each Governing Body, it is desirable and in the best interests of each Company, its stockholders, its creditors, and other parties in interest to commence solicitation of the Plan, pursuant to section 1125(g) of the Bankruptcy Code.

RESOLVED, that in the business judgment of each Governing Body, it is desirable and in the best interests of each Company, its stockholders, its creditors, and other parties in interest to enter into the RSA and that each Company's performance of its obligations under the RSA, and all other exhibits, schedules, attachments, and ancillary documents or agreements related thereto, hereby is, in all respects, authorized and approved.

RESOLVED, that each of the Authorized Signatories of each Company be, and hereby is, authorized, directed, and empowered in the name of, and on behalf of, each Company to take all actions (including, without limitation, to negotiate and execute any agreements, documents, certificates, supplemental agreements and instruments) necessary or advisable in order to finalize the RSA and to enter into the RSA, and to perform all the transactions contemplated thereby, that in the judgment of the applicable Authorized Signatory, are necessary or appropriate to effectuate and carry out the purposes and intent of the foregoing resolutions (such determination to be conclusively evidenced by the taking of such action or execution thereof).

**Retention of Professionals**

RESOLVED, that each of the Authorized Signatories be, and they hereby are, authorized and directed to employ the law firm of Kirkland & Ellis LLP and Kirkland & Ellis International LLP (together, "Kirkland") as general bankruptcy counsel to represent and assist each Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance each Company's rights and obligations, including filing any motions, objections, replies, applications, or pleadings; and in connection therewith, each of the Authorized Signatories, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Kirkland.

RESOLVED, that each of the Authorized Signatories be, and they hereby are, authorized and directed to employ the law firm of Potter Anderson & Corroon LLP ("Potter Anderson") as local bankruptcy counsel to represent and assist each Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance each Company's rights and obligations, including filing any motions, objections, replies, applications, or pleadings; and in connection therewith, each of the Authorized Signatories, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Potter Anderson.

2

RESOLVED, that each of the Authorized Signatories be, and they hereby are, authorized and directed to employ the firm AP Services, LLC ("APS") to provide interim management services to represent and assist each Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance each Company's rights and obligations; and in connection therewith, each of the Authorized Signatories, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of APS.

RESOLVED, that each of the Authorized Signatories be, and they hereby are, authorized and directed to employ the firm Centerview Partners LLC ("Centerview"), as financial advisor and investment banker to represent and assist each Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance each Company's rights and obligations; and in connection therewith, each of the Authorized Signatories, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Centerview.

RESOLVED, that each of the Authorized Signatories be, and they hereby are, authorized and directed to employ the firm of Prime Clerk LLC ("Prime Clerk") as notice and claims agent to represent and assist each Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance each Company's rights and obligations; and in connection therewith, each of the Authorized Signatories, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed appropriate applications for authority to retain the services of Prime Clerk.

RESOLVED, that each of the Authorized Signatories be, and they hereby are, authorized and directed to employ the firm KPMG LLP ("KPMG"), as tax consultant to represent and assist each Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance each Company's rights and obligations; and in connection therewith, each of the Authorized Signatories, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of KPMG.

RESOLVED, that each of the Authorized Signatories be, and they hereby are, authorized and directed to employ any other professionals to assist each Company in carrying out its duties under the Bankruptcy Code; and in connection therewith, each of the Authorized Signatories, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers and fees, and to cause to be filed an appropriate application for authority to retain the services of any other professionals as necessary.

RESOLVED, that each of the Authorized Signatories be, and they hereby are, with power of delegation, authorized, empowered, and directed to execute and file all petitions, schedules, motions, lists, applications, pleadings, and other papers and, in connection therewith, to employ and retain all assistance by legal counsel, accountants, financial advisors, and other professionals and to take and perform any and all further acts and deeds that each of the Authorized Signatories deem necessary, proper, or desirable in connection with each Company's Chapter 11 Case, with a view to the successful prosecution of such case.

**Cash Collateral and Adequate Protection**

RESOLVED, that each Company will obtain benefits from the use of collateral, including cash collateral, as that term is defined in section 363(a) of the Bankruptcy Code (the "Cash Collateral"), which is security for certain prepetition secured lenders (collectively, the "Secured Lenders") party to (i) that certain Credit Agreement, dated as of September 6, 2017 (as amended from time to time), by and among Blackhawk Mining LLC, as borrower, and its subsidiaries as borrowers or guarantors, certain lenders party thereto, and Midcap Financial Trust, in its capacity as lender and administrative agent, (ii) that certain First Lien Term Loan Credit Agreement, dated as of February 17, 2017 (as amended from time to time), by and among Blackhawk Mining LLC, as borrower, and its subsidiaries as borrowers or guarantors, certain lenders party thereto, and Jefferies Finance LLC, in its capacity as administrative agent, or (iii) that certain Second Lien Term Loan Credit Agreement, dated as of October 25, 2015 (as amended from time to time), by and among Blackhawk Mining LLC, as borrower, and its subsidiaries as borrowers or guarantors, certain lenders party thereto, and Cortland Capital Market Services LLC, in its capacity as successor administrative agent.

RESOLVED, that in order to use and obtain the benefits of the Cash Collateral, and in accordance with section 363 of the Bankruptcy Code, each Company will provide certain liens, claims, and adequate protection to the Secured Lenders (the "Adequate Protection Obligations"), as documented in a proposed interim order (the "Interim DIP Order") and submitted for approval to the Bankruptcy Court.

RESOLVED, that the form, terms, and provisions of the Interim DIP Order to which each Company is or will be subject, and the actions and transactions contemplated thereby be, and hereby are authorized, adopted, and approved, and each of the Authorized Signatories of each Company be, and hereby is, authorized and empowered, in the name of and on behalf of each Company, to take such actions and negotiate or cause to be prepared and negotiated and to execute, deliver, perform, and cause the performance of, the Interim DIP Order.

RESOLVED, that each Company, as debtors and debtors in possession under the Bankruptcy Code be, and hereby is, authorized to incur the Adequate Protection Obligations, including granting liens on its assets to secure such obligations.

**General**

RESOLVED, that in addition to the specific authorizations heretofore conferred upon the Authorized Signatories, each of the Authorized Signatories (and their designees and delegates) be, and they hereby are, authorized and empowered, in the name of and on behalf of each Company, to take or cause to be taken any and all such other and further action, and to execute, acknowledge, deliver, and file any and all such agreements, certificates, instruments, and other documents and to pay all expenses, including but not limited to filing fees, in each case as in such Authorized Signatory's judgment, shall be necessary, advisable, or desirable in order to fully carry out the intent and accomplish the purposes of the resolutions adopted herein.

RESOLVED, that each Governing Body of each Company has received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing resolutions, as may

be required by the organizational documents of each Company, or hereby waive any right to have received such notice.

RESOLVED, that all acts, actions, and transactions relating to the matters contemplated by the foregoing resolutions done in the name of and on behalf of each Company, which acts would have been approved by the foregoing resolutions except that such acts were taken before the adoption of these resolutions, are hereby in all respects approved and ratified as the true acts and deeds of each Company with the same force and effect as if each such act, transaction, agreement, or certificate has been specifically authorized in advance by resolution of each Governing Body.

RESOLVED, that each of the Authorized Signatories (and their designees and delegates) be, and hereby is, authorized and empowered to take all actions or to not take any action in the name of each Company with respect to the transactions contemplated by these resolutions hereunder, as such Authorized Signatory shall deem necessary or desirable in such Authorized Signatory's reasonable business judgment as may be necessary or convenient to effectuate the purposes of the transactions contemplated herein.

* * *

IN WITNESS WHEREOF, the undersigned represents that each Governing Body has authorized the undersigned to execute this written consent on behalf of each Company as of the date above first written.

_____
John M. (Mitch) Potter

_____
Matthew Ferko

_____
Ronald Forster

_____
Nils Larson

_____
Daniel D. Smith

_____
Daniel J. Moon

_____
Eric Shaw

Being all of the directors and/or managers of
**Blackhawk Mining LLC**

*[Signature Page to Omnibus Written Consent]*

IN WITNESS WHEREOF, the undersigned represents that each Governing Body has authorized the undersigned to execute this written consent on behalf of each Company as of the date above first written.

_____
John M. (Mitch) Potter

_____
Matthew Ferko

_____
Ronald Forster

_____
Nils Larson

_____
Daniel D. Smith

_____
Daniel J. Moon

_____
Eric Shaw

Being all of the directors and/or managers of
**Blackhawk Mining LLC**

*[Signature Page to Omnibus Written Consent]*

IN WITNESS WHEREOF, the undersigned represents that each Governing Body has authorized the undersigned to execute this written consent on behalf of each Company as of the date above first written.

_____
John M. (Mitch) Potter

_____
Matthew Ferko

_____
Ronald Forster

_____
Nils Larson

_____
Daniel D. Smith

_____
Daniel J. Moon

_____
Eric Shaw

Being all of the directors and/or managers of
**Blackhawk Mining LLC**

*[Signature Page to Omnibus Written Consent]*

IN WITNESS WHEREOF, the undersigned represents that each Governing Body has authorized the undersigned to execute this written consent on behalf of each Company as of the date above first written.

_____
John M. (Mitch) Potter

_____
Matthew Ferko

_____
Ronald Forster

_____
Nils Larsen

_____
Daniel D. Smith

_____
Daniel J. Moon

_____
Eric Shaw

Being all of the directors and/or managers of
**Blackhawk Mining LLC**

*[Signature Page to Omnibus Written Consent]*

IN WITNESS WHEREOF, the undersigned represents that each Governing Body has authorized the undersigned to execute this written consent on behalf of each Company as of the date above first written.

_____
John M. (Mitch) Potter

_____
Matthew Ferko

_____
Ronald Forster

_____
Nils Larson

_____
Daniel D. Smith

_____
Daniel J. Moon

_____
Eric Shaw

Being all of the directors and/or managers of
**Blackhawk Mining LLC**

*[Signature Page to Omnibus Written Consent]*

IN WITNESS WHEREOF, the undersigned represents that each Governing Body has authorized the undersigned to execute this written consent on behalf of each Company as of the date above first written.

_____
John M. (Mitch) Potter

_____
Matthew Ferko

_____
Ronald Forster

_____
Nils Larson

_____
Daniel D. Smith

_____
Daniel J. Moon

_____
Eric Shaw

Being all of the directors and/or managers of
**Blackhawk Mining LLC**

*[Signature Page to Omnibus Written Consent]*

IN WITNESS WHEREOF, the undersigned represents that each Governing Body has authorized the undersigned to execute this written consent on behalf of each Company as of the date above first written.

John M. (Mitch) Potter

Matthew Ferko

Ronald Forster

Nils Larson

Daniel D. Smith

Daniel J. Moon

Eric Shaw

Being all of the directors and/or managers of
**Blackhawk Mining LLC**

*[Signature Page to Omnibus Written Consent]*

IN WITNESS WHEREOF, the undersigned represents that each Governing Body has authorized the undersigned to execute this written consent on behalf of each Company as of the date above first written.

> **Blackhawk Mining LLC**, a Kentucky limited liability company, as Sole Managing Member and/or Manager of:
>
> **Blackhawk Coal Sales, LLC**
> **Blackhawk Land and Resources, LLC**
> **Blackhawk River Logistics, LLC**
> **Blue Creek Mining, LLC**
> **Blue Diamond Mining, LLC**
> **Eagle Shield, LLC**
> **Guyandotte Mining, LLC**
> **Hampden Coal, LLC**
> **Kanawha Eagle Mining, LLC**
> **Logan & Kanawha, LLC**
> **Panther Creek Mining, LLC**
> **Pine Branch Mining, LLC**
> **Rockwell Mining, LLC**
> **Spurlock Mining, LLC**
> **Triad Mining, LLC**
>
> _____
> Jesse Parrish
> Chief Financial Officer and Authorized Signatory

_[Signature Page to Omnibus Written Consent]_

IN WITNESS WHEREOF, the undersigned represents that each Governing Body has authorized the undersigned to execute this written consent on behalf of each Company as of the date above first written.

**FCDC Coal, Inc.**
**Spruce Pine Land Company**

Jesse Parrish
Sole Director and Authorized Signatory

*[Signature Page to Omnibus Written Consent]*

IN WITNESS WHEREOF, the undersigned represents that each Governing Body has authorized the undersigned to execute this written consent on behalf of each Company as of the date above first written.

**Pine Branch Resources, LLC**, a Delaware limited liability company, as Manager of:
**Pine Branch Land, LLC**

_____
Jesse Parrish
Chief Financial Officer and Authorized Signatory

**Pine Branch Mining, LLC**, a Kentucky limited liability company, as Manager of:
**Pine Branch Resources, LLC**

_____
Jesse Parrish
Chief Financial Officer and Authorized Signatory

**Spurlock Mining, LLC**, a Kentucky limited liability company, as Manager of:
**Redhawk Mining, LLC**

_____
Jesse Parrish
Chief Financial Officer and Authorized Signatory

**Triad Mining, LLC**, a Delaware limited liability company, as Sole Managing Member of:
**Triad Trucking, LLC**

_____
Jesse Parrish
Chief Financial Officer and Authorized Signatory

*[Signature Page to Omnibus Written Consent]*

**Exhibit A**

| Company | Jurisdiction |
|---|---|
| Blackhawk Mining LLC | Kentucky |
| Blackhawk Coal Sales, LLC | Delaware |
| Blackhawk Land and Resources, LLC | Delaware |
| Blackhawk River Logistics, LLC | Delaware |
| Blue Creek Mining, LLC | Delaware |
| Blue Diamond Mining, LLC | Delaware |
| Eagle Shield, LLC | Kentucky |
| FCDC Coal, Inc. | Delaware |
| Guyandotte Mining, LLC | Delaware |
| Hampden Coal, LLC | Delaware |
| Kanawha Eagle Mining, LLC | Delaware |
| Logan & Kanawha, LLC | Delaware |
| Panther Creek Mining, LLC | Delaware |
| Pine Branch Land, LLC | Delaware |
| Pine Branch Mining, LLC | Kentucky |
| Pine Branch Resources, LLC | Delaware |
| Redhawk Mining, LLC | Kentucky |
| Rockwell Mining, LLC | Delaware |
| Spruce Pine Land Company | Kentucky |
| Spurlock Mining, LLC | Kentucky |
| Triad Mining, LLC | Delaware |
| Triad Trucking, LLC | Indiana |